**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JACK DANIELS, )<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 12-20021-10-KHV |

**MEMORANDUM AND ORDER**

On April 30, 2013, the Court sentenced defendant to 168 months in prison. This matter is before the Court on defendant's letter (Doc. #338 filed September 3, 2013), which the Clerk docketed as a motion to reduce sentence, and defendant's Motion For Appointment Of Counsel (Doc. #339) filed September 27, 2013. In his letter, defendant asks the Court to modify his sentence because he is a low-level, nonviolent drug offender. Defendant also suggests that he is not guilty of the charged conspiracy. After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his conviction and sentence is under 28 U.S.C. § 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Court could construe defendant's letter as a motion to vacate, set aside or correct his sentence under Section 2255. In light of the restrictions which Section 2255 imposes on a second or successive motion, however, the Court declines to do so. If defendant desires to file a Section 2255 motion based on the grounds in his letter, or otherwise, he may do so. Defendant should note, however, that absent certain circumstances, a one-year limitation from the date on which the judgment is final applies. Defendant should also note that D. Kan. Rule 9.1 sets forth the procedures for filing such a motion.

Defendant also asks the Court to appoint counsel. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Evans, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995); Swazo v. Wy. Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Here, at this preliminary stage before defendant has filed a Section 2255 motion, the Court declines to appoint counsel.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #338 filed September 3, 2013), which the Clerk docketed as a motion to reduce sentence, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. #339) filed September 27, 2013 be and hereby is **OVERRULED**.

Dated this 28th day of October, 2013 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge