IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No.  12-20021-10-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| JACK DANIELS, | ) | No. 14-2017-KHV |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On April 30, 2013, the Court sentenced defendant to 168 months in prison.  This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #354) filed January 17, 2014.  For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

**Factual Background**

On September 6, 2012, a grand jury returned an 11-count indictment which, in part, charged defendant with conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) and 18 U.S.C. § 2, and lease, rent, use and maintain residences for distributing and using methamphetamine in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.  Second Superseding Indictment (Doc. #101), Count 1. Defendant pled guilty to the conspiracy charge.  On April 30, 2013, the Court sentenced defendant to 168 months in prison.  Defendant did not appeal.  Gary D. Stone represented defendant throughout this proceeding.

On January 17, 2014, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  Liberally construed, defendant's motion alleges that Stone provided ineffective assistance because (1) he did not challenge the factual basis of defendant's plea or ask the Court to withdraw

the plea, (2) he did not effectively object to the enhancement of defendant's sentence as a career offender under the sentencing guidelines, and (3) he did not object to the drug quantity which the presentence report used to calculate defendant's offense level.  See Motion Under 28 U.S.C. § 2255 (Doc. #354) at 4-8.

## Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness."  United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992).  The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988).

## I.     Waiver Of Collateral Attacks

The government seeks to enforce the waiver of collateral attacks in the plea agreement, but incorrectly states that the waiver precluded any appeal or collateral attack of a sentence within the applicable guideline range. See Government Response To Motion Pursuant To 28 U.S.C. § 2255 (Doc. #364) filed March 10, 2014 at 20. The government ignores the final sentence of the waiver which states "[n]otwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement (Doc. #234) ¶ 13. Because defendant's claims relate to ineffective assistance of counsel, the Court overrules the government's request to enforce the waiver of collateral attacks. See United States v. Drayton, No. 10-20018-01-KHV, 2013 WL 789027, at *1 (D. Kan. Sept. 13, 2012); United States v. Clark, No. 10-20076-12-KHV, Order (Doc. #567) filed February 7, 2013; United States v. Cereceres-Morales, No. 09-20034-01-KHV, 2012 WL 4049801, at *1 n.2 (D. Kan. Sept. 13, 2012); United States v. Perea, No. 08-20160-08-KHV, 2012 WL 851185, at *1 n.1 (D. Kan. Mar. 8, 2012); United States v. Malone, No. 09-20159-01-KHV, 2012 WL 380239, at *2 (D. Kan. Feb. 6, 2012).

## II.    Claim 1 - Failure To Challenge Factual Basis Of Plea

Defendant argues that Stone provided ineffective assistance because he did not challenge the factual basis of defendant's plea or ask the Court to withdraw the plea. Motion Under 28 U.S.C. § 2255 (Doc. #354) at 4-5. Defendant pled guilty to Count 1 of the Second Superseding Indictment (Doc. #101) which charged as follows:

> Beginning in or about December 2010, the exact date being unknown to the Grand Jury, and continuing to on or about August 2, 2012, both dates being approximate and inclusive, in the District of Kansas and elsewhere, the defendants, JUSTIN HILDERBRAND, DAVID LEAL JR., JONAH ROGERS, ALBERTO

> LEAL-MENDOZA, TONY JACKSON, PAUL COLLIER a.k.a. CATFISH, and JACK DANIELS, knowingly and intentionally conspired and agreed together, with Valerie Evans, Tyrone Popejoy, Pamela Briley, with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to distribute and possess with intent to distribute more than fifty grams of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2; and to lease, rent, use, and maintain residences at 110 North Garfield and 219 South Ashby in Chanute, Kansas, for distributing and using methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.
>
> This was all in violation of Title 21, United States Code, Section 846.

Second Superseding Indictment (Doc. #101).  Defendant asserts that the factual basis in the plea agreement was insufficient to support his plea to Count 1 because it did not allege how defendant participated in maintaining various residences for drug distribution purposes or that he even knew of his co-defendants' conduct related to the residences.  Motion Under 28 U.S.C. § 2255 (Doc. #354) at 5.

Counsel's failure to object on this ground was not deficient.  A plea to a multiple-object conspiracy is valid if the factual basis is sufficient with respect to one of the objects charged.  See Griffin v. United States, 502 U.S. 46, 56-57 (1991) (when conviction based on jury verdict on count charging several acts in conjunctive, verdict stands if evidence sufficient with respect to any one act charged); United States v. Anaya, 727 F.3d 1043, 1050-51 (10th Cir. 2013) (conspiracy conviction does not require that defendant know all details of drug trafficking organization); see also United States v. Linn, 31 F.3d 987, 991 (10th Cir. 1994) (single count which alleges conspiracy to commit multiple offenses specifically sanctioned by Rule 7(c)); Fed. R. Crim. P. 7(c)(1) (single count may allege offense committed by one or more specified means).  The Presentence Investigation Report (Doc. #276) ("PSIR") recognizes that although "the overarching conspiracy involved maintaining

a residence for the purpose of distributing and using methamphetamine [in Chanute, Kansas], there is no evidence that the defendant was involved in this aspect of the conspiracy." PSIR (Doc. #276) ¶ 34. Because defendant was not involved in the aspect of the conspiracy involving the residences, the Court did not enhance his offense level under U.S.S.G. § 2D1.1(b)(12) for maintaining premises for drug manufacturing or distribution. In sum, defendant has not alleged facts which show that counsel's failure to challenge the factual basis of his plea to Count 1 or ask the Court to withdraw the plea was deficient.

Even if counsel was somehow deficient for failing to challenge the plea, defendant has not alleged prejudice from counsel's error. To show prejudice in the guilty plea context, defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). As part of his proof, defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). Here, defendant has not alleged or shown a reasonable probability that if counsel had successfully raised the above challenges to the plea, he would not have pled guilty and would have insisted on going to trial, or that such a decision would have been rational under the circumstances.[1] For these reasons, the Court overrules defendant's first claim for relief.

---

[1] In particular, the Court notes that as part of the plea agreement, the government agreed not to file an enhancement under 21 U.S.C. § 851, which would have doubled the statutory minimum prison sentence from 10 years to 20 years. See Plea Agreement (Doc. #234) ¶ 5.d.

### III. Claim 2 - Failure To Object To Career Offender Classification

Defendant argues that Stone provided ineffective assistance because he did not effectively object to the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. See Motion Under 28 U.S.C. § 2255 (Doc. #354) at 4. Liberally construed, defendant's motion asserts that counsel should have argued that the enhancement did not apply because his prior conviction for evading arrest under California Vehicle Code § 2800.2 was not a crime of violence and was not a felony. By classifying defendant as a career offender, the Court increased defendant's adjusted offense level by one from 36 to 37. See PSIR (Doc. #276) ¶ 47.

        A.        Objection To Classification Of Prior Offense As Crime Of Violence

Defendant argues that Stone provided ineffective assistance because he did not effectively object that defendant's conviction for evading arrest was not a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a).[2] Before sentencing, Stone raised this objection. See PSIR (Doc. #276) ¶¶ 155-59. At sentencing, Stone withdrew his objections to the PSIR. Defendant has not alleged sufficient facts to show that counsel's decision to forego an objection to the career offender enhancement was deficient or prejudicial. For reasons outlined in the PSIR and in light of the Supreme Court decision in Sykes v. United States, 131 S. Ct. 2267 (2011), the Court would have overruled any objection that defendant's conviction for evading arrest under California law was not

---

[2] The sentencing guidelines define a "crime of violence" as follows: any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a). The second portion of subsection (2) is referred to as the residual clause.

a "crime of violence" under U.S.S.G. § 4B1.2.[3]  See PSIR (Doc. #276) ¶¶ 160-170.  Defendant has not alleged sufficient facts to show that counsel's failure to pursue the objection was deficient or that if counsel had done so, the Court would have reached a different result.[4]

### B.     Objection To Classification Of Prior Offense As Felony

Defendant argues that Stone provided ineffective assistance because he did not argue that defendant's conviction for evading arrest under California law did not involve a punishment in excess of one year.  Defendant has not alleged sufficient facts to show that counsel's failure to raise this objection was deficient or prejudicial.  The presentence investigation report noted that the Criminal Complaint in the California case charged defendant with a "felony, namely a violation of section 2800.2 of the California Vehicle Code, evading arrest."  PSIR (Doc. #276) ¶ 60.  The Ninth

---

[3]     In Sykes, the Supreme Court held that felony vehicle flight is a violent felony for purposes of the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii).  131 S. Ct. at 2277.  By doing so, the Supreme Court affirmed the Seventh Circuit judgment which was consistent with United States v. McConnell, 605 F.3d 822, 827-30 (10th Cir. 2010) (flight from police officer is crime of violence under residual clause of U.S.S.G. § 4B1.2), and in tension, if not in conflict, with the reasoning of the Ninth Circuit in United States v. Kelly, 422 F.3d 889, 895 (9th Cir. 2005) (Washington state conviction for attempting to elude pursuing officer not crime of violence under U.S.S.G. § 4B1.2(a)(2) because statute criminalized conduct that did not present serious potential risk of "physical injury to another").  See 131 S. Ct. at 2272.  In light of Sykes, the Court would have overruled counsel's objection to the classification of the California conviction as a crime of violence under the residual clause of U.S.S.G. § 4B1.2.  The Ninth Circuit later recognized that under Sykes, a conviction under California Vehicle Code § 2800.2 is a violent felony under the ACCA.  See United States v. Martinez, 771 F.3d 672, 678 (9th Cir. 2014), judgment vacated, 2015 WL 1307812 (U.S. June 30, 2015) (remanded to Ninth Circuit in light of Johnson v. United States, 135 S. Ct. 2551, 2015 WL 2473450 (U.S. June 26, 2015)).

[4]     The Supreme Court recently overruled Sykes.  See Johnson v. United States, 135 S. Ct. 2551, 2015 WL 2473450 (U.S. June 26, 2015).  Even assuming that Johnson applies equally to an enhanced sentence under the residual clause of the advisory sentencing guidelines, based on the relevant law at the time of sentencing in this case, counsel's failure to pursue the objection was not deficient or prejudicial.

Circuit has also noted that a violation of California Vehicle Code, Section 2800.2 is a felony.[5]  See Martinez, 771 F.3d at 675, overruled on other grounds by Johnson, supra.  Defendant fails to explain why his conviction was not a felony for purposes of the career offender enhancement.  Accordingly, counsel's failure to object on this ground was not deficient or prejudicial.

 The Court overrules defendant's second claim for relief.

### IV.      Claim 3 - Failure To Object To Drug Quantity

Defendant argues that at sentencing, Stone provided ineffective assistance because he did not object to the drug quantity set forth in the PSIR.  The PSIR calculated that defendant was responsible for approximately 478 grams of methamphetamine (actual).  See PSIR (Doc. #276) ¶ 32.  Defendant does not specify how this quantity was incorrect, but he maintains that at sentencing, Stone should have played the tape of his interview with the PSIR writer.  Defendant has not shown that his interview would have altered the Court's conclusion that defendant was responsible for at least 150 grams, but less than 500 grams, of actual methamphetamine.  Even if counsel could have shown that defendant was responsible for a lesser quantity of methamphetamine, defendant's offense level would have remained at 37 because he was subject to an enhancement of his offense level as a career offender.  See PSIR (Doc. #276) ¶ 47.

Defendant apparently claims that the PSIR should have calculated his base offense level based solely on his personal conduct.  In the case of jointly undertaken criminal activity, however, the relevant conduct guideline specifically instructs the Court to consider "all reasonable foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."  U.S.S.G.

---

[5] Under Section 18(a) of the California Penal Code, subject to certain limited exceptions that do not apply here, "every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison."

§ 1B1.3(a)(1)(B). In addition, the Commentary to Section 1B1.3 states as follows:

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonable foreseeable quantities of contraband that were within the scope of criminal activity that he jointly undertook.

U.S.S.G. § 1B1.3, App. Note 2. The factual basis of defendant's plea notes that defendant accompanied and assisted co-defendant David Leal, Jr. in obtaining at least two eight-balls of methamphetamine several times each week for at least nine months. Plea Agreement (Doc. #234) ¶ 2. Because defendant pled guilty to a conspiracy to distribute and possess with intent to distribute methamphetamine from at least December of 2010 through August 2, 2012 and based on the findings in the PSIR, the Court properly considered the methamphetamine which was involved in jointly undertaken criminal activity during that period. See United States v. Foy, 641 F.3d 455, 469 (10th Cir. 2011) (in calculating base offense level, sentencing court may consider quantities not alleged, provided drugs were part of same course of conduct or common scheme or plan as offense of conviction); United States v. Smith, 929 F.2d 1453, 1459 (10th Cir. 1991) (quantity of drugs not specified in charge properly included in determining base offense if part of "same course of conduct") (quoting U.S.S.G. § 1B1.3, comment at 1.19); United States v. Harris, 903 F.2d 770 (10th Cir. 1990) (sentencing court properly considered 801 pounds of marijuana not charged but involved in crime); United States v. Ware, 897 F.2d 1538, 1542-43 (10th Cir. 1990) (quantities of drugs not alleged in indictment may be used to enhance sentence); cf. United States v. Jones, 235 F.3d 1231, 1237 (10th Cir. 2000) (in considering quantity of drugs not charged in indictment, district court cannot sentence defendant beyond statutory maximum). In light of the relevant law and the fact that the precise quantity of methamphetamine would not have altered defendant's offense level as a

career offender, counsel's decision not to challenge the issue of drug quantity was within the reasonable range of professional assistance and was not deficient.

Even if counsel was somehow deficient in not objecting to drug quantity, defendant does not explain how he was prejudiced by counsel's performance. Defendant has not alleged or shown a reasonable probability that had counsel objected to the drug quantity calculation in the PSIR, he would not have pled guilty or that the Court would have imposed a different sentence. See United States v. Hemsley, 287 Fed. Appx. 649, 650 (10th Cir. 2008); Rantz, 862 F.2d at 810-11. The Court therefore overrules defendant's claim of ineffective assistance based on counsel's decision not to challenge the drug quantity set forth in the PSIR.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate

of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[6] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #354) filed January 17, 2014 be and hereby is **OVERRULED**. A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 22nd day of July, 2015 at Kansas City, Kansas.

          s/ Kathryn H. Vratil
          KATHRYN H. VRATIL
          United States District Judge

---

[6] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).